## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| REHOBOTH HOSPITALITY, LP d/b/a | ) | Case No. 11-12798 (KG) |
| LOGOS PLAZA HOTEL, | ) | |
| | ) | |
| Debtor. | ) | |

**DEBTOR'S MOTION PURSUANT TO SECTIONS 361, 362, 363 AND 507 OF THE BANKRUPTCY CODE AND BANKRUPTCY RULE 4001 FOR AN ORDER: (1) AUTHORIZING USE OF CASH COLLATERAL; (2) GRANTING ADEQUATE PROTECTION LIENS AND ADMINISTRATIVE CLAIMS; (3) SCHEDULING AND APPROVING THE FORM AND METHOD OF NOTICE FOR A SUBSEQUENT HEARING; AND (4) GRANTING RELATED RELIEF**

Rehoboth Hospitality, LP ("RHLP" or the "Debtor"), debtor and debtor-in-possession in the above captioned Chapter 11 case, hereby moves this Court (this "Motion") for an order, pursuant to the Sections 105, 361, 363(c) and 363(e) of the Bankruptcy Code, approving the proposed Interim Order (I) Authorizing Use of Cash Collateral and Adequate Protection and (II) Scheduling and Approving the Form and Method of Notice of the Hearing on the Debtor's Motion to Use Such Cash Collateral on a Permanent Basis.

## JURISDICTION

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of this proceeding and this Motion in this district is proper under 28 U.S.C §§ 1408 and 1409.

2. The statutory bases for the relief request herein are Sections 105, 361, 363(c), and 363(e) of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

# BACKGROUND[1]

1. On September 5, 2011 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code. The Debtor is operating its business and managing its property as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

2. RHLP, d/b/a Logos Plaza Hotel is a hotel located south of Abilene city center, three miles from downtown and twelve miles from Abilene Regional Airport. The hotel, built in 1979, consists of 107 rooms on three floors, 70 of which are online. It sits upon a 510,597 square foot (11.72 acre) parcel. RHLP bought the hotel from its previous owners in 2005 and completely renovated the main building for a grand re-opening in September 2007. In addition to the 107 guest rooms, the hotel offers amenities to the business traveler such as 9,480 square feet of meeting space, a business center, an exercise room, a gift shop, and a vending area. Although not currently operating, the facility also contains a fully-renovated restaurant, an outdoor pool, and a chapel.

3. As additional background and support for this Motion, the Debtor refers this Court to the Rajaratnam Declaration, filed contemporaneously herewith and incorporated herein by reference.

## CLAIMS AGAINST THE DEBTOR'S PROPERTY

4. The Debtor anticipates that Abilene Holdings, LLC ("Abilene"), as assignee of that certain first mortgage held by Zions First National Bank ("Zions"), will assert a lien on and security interest in substantially all of the Debtor's property (the "Collateral").[2] And although

---

[1] The background is set forth in greater detail in the Rajaratnum Declaration.
[2] The Debtor does not concede that Abilene's asserted lien is valid, enforceable, or unavoidable.

Zions purportedly has written off that certain second mortgage on the Collateral, it may likewise attempt to assert a lien on and security interest in the Collateral in connection therewith.[3]

5. Pursuant to Sections 363(a) and 552(b) of the Bankruptcy Code, if Abilene's and Zions's asserted liens are valid and enforceable, certain cash and cash equivalents held by the Debtor as of the commencement of the case and the proceeds, rents or profits of the Collateral received by the Debtor after the commencement of the Case may constitute "cash collateral" within the meaning of Section 363(a) of the Bankruptcy Code and in which Abilene and Zions may have an interest within the meaning of Sections 363(c)(2) and 363(e) (the "Cash Collateral").

## RELIEF REQUESTED

6. In order to continue the operation of its business, preserve the value of property of the estate, and avoid immediate and irreparable harm to the estate during this Chapter 11 case, the Debtor requires the continued use of Cash Collateral to pay wages, salaries, operating expenses, and certain professional fees (all as reflected in the "Operating Budget" to be presented to the Court at the First Day Hearing and incorporated herein by reference). Accordingly, the Debtor requests that this Court enter the proposed Order (attached hereto as Exhibit A) authorizing the Debtor to use the Cash Collateral on an interim basis and scheduling a hearing and approving the form and method of notice of the hearing on the Debtor's Motion to Use Such Cash Collateral on a Permanent Basis.

## BASIS FOR RELIEF REQUESTED

7. Pursuant to Section 363(c)(2)(A) of the Bankruptcy Code, "[t]he trustee may not use . . . cash collateral . . . unless (A) each entity that has an interest in such cash collateral

---

[3] The Debtor does not concede that Zion's asserted lien is valid, enforceable, or unavoidable.

consents or (b) the court, after notice and a hearing, authorizes such use . . . in accordance with the provisions of this section." 11 U.S.C § 363(c)(2). Section 363(c)(3) permits the Court to hold a preliminary hearing and to authorize the use of cash collateral on an interim basis where, as here, there is a reasonable likelihood that the debtor will be able to demonstrate that parties with an interest in the cash collateral are adequately protected under Section 363(e) of the Bankruptcy Code.

## THE NEED FOR AUTHORITY TO USE CASH COLLATERAL ON AN EXPEDITED AND PERMANENT BASIS

8. The Debtor seeks relief on an expedited basis due to the immediate and irreparable harm the Debtor's estate will suffer if it is not permitted to use the Cash Collateral immediately. The Debtor has no source of cash to continue the operation of its business other than the Cash Collateral. Accordingly, the Debtor has an immediate and continuing need to us the Cash Collateral in order to permit the orderly continuation of the Debtor's Hotel business and to allow the Debtor to maintain business relationships with its customers and service providers, to make payroll, and satisfy other working capital and operational needs, all of which are necessary to preserve and maintain the Debtor's going concern value and to successfully reorganize, maximizing the value of the Debtor's estate.

9. Absent use of the Cash collateral, the Debtor will likely have to terminate its business operations to the material detriment of creditors, employees, and other parties-in-interest. The Debtor needs to ensure that working capital is available now and anticipates using the Cash Collateral immediately for and the continued operation of its business.

# ADEQUATE PROTECTION

10. Section 363(e) of the Bankruptcy Code provides that "on the request of an entity that has an interest in the property used . . ., the court . . . shall prohibit or condition such use . . . as is necessary to provide adequate protection of such interest." 11 U.S.C. § 363(e).

11. Section 361 of the Bankruptcy Code provides that "adequate protection may be provided by-

> **(1)** requiring the trustee to make a cash payment or periodic cash payments to such entity, to the extent that the stay under section 362 of this title, use, sale, or lease under section 363 of this title, or any grant of a lien under section 364 of this title results in a decrease in the value of such entity's interest in such property;
>
> **(2)** providing to such entity an additional or replacement lien to the extent that such stay, use, sale, lease, or grant results in a decrease in the value of such entity's interest in such property; or
>
> **(3)** granting such other relief, other than entitling such entity to compensation allowable under section 503(b)(1) of this title as an administrative expense, as will result in the realization by such entity of the indubitable equivalent of such entity's interest in such property.

11 U.S.C § 361.

12. The third standard, regarded as a "catch-all" provision, affords courts discretion, on a case-by-case basis, to determine what level of protection is adequate under the circumstances. See, e.g., In re Swedeland Dev. Group, 16 F.3d 552, 564 (3d Cir. 1994). The goal of adequate protection is to protect a party with an interest in property of the debtor against a diminution if the value of its collateral during the reorganization process. See id.

13. Courts have universally recognized that an entity's interest in property of a debtor can be adequately protected if an ample equity cushion exists.[4] See, eg., In re Phoenix Steel

---

[4] The term equity cushion has been defined as "the value in the property above the amount owed to the creditor with a secured claim, that will shield that interest from loss due to any decrease in

5

Corp., 39 B.R. 218, 224 (D. Del. 1984). Indeed, the existence of a substantial equity cushion may, in and of itself, provide adequate protection. Id. "Application of the equity cushion concept has been so widespread that it has been denominated a 'classic form' of protection for secured debt." In re Heath, 79 B.R. 616, 618 (Bankr. E.D. Pa. 1987).

### A. Abilene and Zions's Interests in the Collateral is Adequately Protected by an Equity Cushion.

14. To the extent that Abilene and/or Zions has an interest in the Cash Collateral, such interest is adequately protected by an ample equity cushion. The Debtor values the Hotel property at not less than $1,500,000.

15. In contrast, the Lender Indebtedness totals approximately $1 million, leaving an equity cushion of at approximately $500,000 (the "Equity Cushion"). This Equity Cushion is more than sufficient to adequately protect Abilene and/or Zions from any diminution in the value of the Collateral and Cash Collateral.

### B. Additional Adequate Protection.

16. While the Debtor submits that Abilene's and/or Zions interest in the Cash Collateral is more than adequately protected by the Equity Cushion, as further adequate protection for any diminution in the value of their interests in the Collateral (provided that their liens and security interests in the Collateral are valid, enforceable, perfected and unavoidable), the Debtor would agree to grant them post-petition replacement liens (to the extent of their secured interest) on all of the Debtor's assets other that avoidance actions under Chapter 5 of the Bankruptcy Code and/or the proceeds thereof (and except as to any other assets the Court by order may exempt).

---

the value of the property during the time the automatic stay remains in effect." In re Heath, 79 B.R. 616, 618 (Bankr. E.D. Pa. 1987).

## REQUEST FOR FINAL HEARING

17. Pursuant to Rules 4001(b) of the Federal Rules of Bankruptcy Procedure, the Debtor requests that the Court set a final hearing on the Motion as soon as practicable. The Debtor requests that it be authorized to serve a copy of the signed Interim Order (I)Authorizing the Use of Cash Collateral and (II) Scheduling and Approving the Form and Method of Notice of the Hearing on the Debtor's Motion for Entry of a Final Order to Use Such Cash Collateral (the "Interim Order"), which fixes the date and time for the Final Hearing and for the filing of objections to the Motion, if any, by first class mail upon (i) counsel for Abilene and Zions, (ii) the United States Trustee, (iii) those parties listed on the List of Creditors Holding the Twenty Largest Claims Against the Debtor, (iv) any other person know to assert an interest in the Debtor's property, (v) counsel for any committee appointed in this case prior to the Final Hearing, and (ix) all parties that have requested notice in this case, within three business days of the date of the entry of the Interim Order. The Debtor requests that the Court consider such notice of the Final Hearing to be sufficient under Rule 4001 of the Federal Rules of Bankruptcy Procedures.

## NO PRIOR REQUEST

18. No prior Motion for the relief requested herein had been made to this or any other court.

# CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that this Honorable Court enter an order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as is just and proper.

Date: September 8, 2011
Wilmington, Delaware

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ E.E. Allinson III*

Elihu E. Allinson, III (No. 3476)
Seth S. Brostoff (No. 5312)
901 North Market Street, Suite 1300
Wilmington, DE 19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: zallinson@sha-llc.com
sbrostoff@sha-llc.com

*Proposed Attorneys for Debtor
and Debtor-in-Possession*